1

2

3

4

5

6                             IN THE UNITED STATES DISTRICT COURT

7                                FOR THE DISTRICT OF ARIZONA

8

9    Rogelio J. Whitten,                    )    No. CV-07-669-PHX-SRB (LOA)
                                            )
10               Petitioner,                )    **REPORT AND RECOMMENDATION**
                                            )
11   vs.                                    )
                                            )
12   Dora B. Schriro, et al.,               )
                                            )
13               Respondents.               )
                                            )
14   _____ )

15            This matter arises on Petitioner's Amended Petition for Writ of Habeas Corpus

16   by Person in State Custody Pursuant to 28 U.S.C. § 2254.  (docket # 6)  Respondents have

17   filed an Answer (docket # 9) to which Petitioner has not replied and the time in which to do

18   so has expired.

19   **I. Background**

20            **A. Charges and Trial**

21            On September 15, 2003, the State of Arizona charged Petitioner with two counts

22   of aggravated assault in violation of A.R.S. §§ 13-1203, 13-1204, and one count of

23   attempted armed robbery in violation of A.R.S. § 13-1001, 13-1904, 13-1901, and 13-1902.

24   (Respondents' Exh. A at 1, 4)  Petitioner proceeded to trial[1] and on May 20, 2004, a jury

25   convicted Petitioner of two counts of aggravated assault and one count of attempted armed

26   robbery.  (Respondents' Exh. A at 1, 7; Exh. B at 3-4) On July 30, 2004, the trial court

27   _____

28      [1]  The Honorable Gary E. Donahoe presided.

1  sentenced Petitioner to a total of 22 years' imprisonment.  (docket # 6 at 4; Respondents'
2  Exh. A at 4)

3  **B.  Direct Appeal**

4  On August 18, 2004, Petitioner filed a timely appeal.  (docket # 6 at 4)  On
5  February 15, 2005, Petitioner's counsel filed an Opening Brief in the Arizona Court of
6  Appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967) advising the court that he
7  could find no viable issues to raise and requesting permission for Petitioner to file a *pro se*
8  brief.  (Respondents' Exh. B at 5)   On April 18, 2005, Petitioner filed a supplemental brief
9  raising the following claims: (1) the prosecutor engaged in misconduct; (2) the witnesses
10 lacked credibility; (3) he did not receive a fair trial because the jury was aware that
11 Petitioner was in custody; (4) trial counsel was ineffective; and (5) there was insufficient
12 evidence to support his conviction.  (Respondents' Exh. A at 5; Exh. C at 1-9)   Petitioner
13 did not base any of his claims on federal law. (*Id.*)  On August 4, 2005, the Arizona Court of
14 Appeals affirmed Petitioner's convictions.  (Respondents' Exh. A)

15 **C.  Post-Conviction Proceedings**

16 On August 18, 2005, Petitioner filed a notice of post-conviction relief pursuant to
17 Ariz.R.Crim.P. 32.[2]  (docket # 6 at 3)  On November 22, 2005, Petitioner filed a *pro se*
18 Petition for Post-Conviction Relief.  (Respondents' Exh. D) Petitioner claimed that trial
19 counsel engaged in "misconduct." (Respondents' Exh. D at 3) Petitioner argued that he was
20 not given an opportunity to confer with counsel in person before trial, counsel advised him
21 that he would be sentenced to no more than 7 ½ years if he proceeded to trial, counsel did
22 not develop a "firm defense, and counsel did not question Petitioner's "alleged victims under
23 [Petitioner's] line of questioning and she refused to do so!!!"  (*Id.*)  Petitioner did not cite
24 federal law in support of his claims.

25 _____

26   [2] Petitioner indicates that on August 18, 2005, he filed a petition for writ of certiorari with
27 the United States Supreme Court.  (docket # 6 at 3) The record, however, reveals that the
   August 18, 2005 pleading was a petition for post-conviction relief pursuant to Ariz.R.Crim.P.
28 32. (Respondents' Exh. D)

1    On February 14, 2006, the trial court denied Petitioner's petition for post-

2    conviction relief.  (Respondents' Exh. E)

3    On March 14, 2006, Petitioner sought review in the Arizona Court of Appeals

4    raising the following claims: (1) counsel failed to consult with Petitioner in person before

5    trial; and (2) counsel advised him that "everything is going to be alright."  (Respondents'

6    Exh. F at 2) Petitioner did not cite federal law in support of his claims.  On March 12, 2007,

7    the Arizona Court of Appeals denied review.  (Respondents' Exh. G)

8    **D. Petition for Writ of Habeas Corpus**

9    Thereafter, Petitioner timely filed the pending Amended Petition for Writ of

10   Habeas Corpus (docket # 6) which is now briefed and ready for review.  Petitioner raises the

11   following grounds for relief: (1) trial counsel was ineffective in violation of the Sixth

12   Amendment; (2) the trial court erred in granting immunity to two witnesses; (3) insufficient

13   evidence supported Petitioner's convictions; and (4) Petitioner's Sixth Amendment right was

14   violated due to a lack of physical evidence connecting Petitioner to the gun used in the

15   crime.  (docket # 6)  Respondents assert that Petitioner procedurally defaulted claims 2, 3,

16   and 4 and that his remaining claim lacks merit.  The Court will first address the procedural

17   default issue.

18   **II.  Analysis of Exhaustion and Procedural Default**

19   Respondents assert that Petitioner has failed to exhaust grounds 2, 3 and 4 and

20   that they are procedurally barred.  Petitioner contends that he properly presented those claims

21   to the State courts.  (docket # 6)

22   **A. Exhaustion and Procedural Default**

23   The Supreme Court has repeatedly held that state courts should be given the first

24   opportunity to consider a state prisoner's assertion that his state conviction and/or sentence

25   violates federal law. *Williams v. Taylor*, 529 U.S. 420, 436-37 (2000); *O'Sullivan v.*

26   *Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Thus,

27   before a federal court may grant a state prisoner habeas corpus relief, the prisoner must

28   exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1);*Williams*, 529 U.S. at

1   436-37; *Coleman*, 501 U.S. at 731.  The requirement that state prisoners first present their

2   claims in federal court, or exhaust their state court remedies, is intended "to prevent

3   'unnecessary conflict' between courts equally bound to guard and protect the rights secured

4   by the Constitution." *Picard v. Connor*, 404 U.S. 270, 275-276 (1971).  In view of the

5   exhaustion requirement, the federal court will not entertain a petition for writ of habeas

6   corpus unless the state prisoner has exhausted his federal claims in state court.  *Pliler v.*

7   *Ford*, 542 U.S. 225, 230 (2004); *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982).

8            To properly exhaust a claim in the state courts, a petitioner must have afforded

9   the state courts the opportunity to rule upon the merits of his federal claims by "fairly

10  presenting" them to the state's "highest" court in a procedurally appropriate manner.  *Castille*

11  *v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that

12  "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present"

13  her claim in each appropriate state court . . . thereby alerting the court to the federal nature of

14  the claim.").  The Ninth Circuit Court of Appeals has concluded that, in Arizona, in the

15  context of a petitioner who has not been sentenced to death, the "highest court" requirement

16  is satisfied if the petitioner has presented the claim to the Arizona Court of Appeals either on

17  direct appeal or in a petition for post-conviction relief.  *Swoopes v. Sublett*, 196 F.3d 1008,

18  1010 (9th Cir. 1999); *Beyart v. Schriro*, 2006 WL 1305275, * 3 n. 2 (D.Ariz. 2006) ("Arizona

19  law no longer requires that a life sentence case be appealed to the Arizona Supreme Court.")

20  "[S]ubmitting a new claim . . . in a procedural context in which its merits will not be

21  considered absent special circumstances does not constitute fair presentation."  *Roettgen v.*

22  *Copeland*, 33 F.3d 36, 38 (9th Cir. 1994)(citing *Castille v. Peoples*, 489 U.S. 346, 351

23  (1989)).  Additionally, to fairly present his claims, a petitioner must describe both the

24  operative facts and the federal legal theory.  *Reese*, 541 U.S. at 28.  It is not enough that all of

25  the facts necessary to support the federal claim were before the state court or that a

26  "somewhat similar" state law claim was raised.  *Reese*, 541 U.S. at 28 (stating that a

27  reference to ineffective assistance of counsel does not alert the court to federal nature of the

28  claim).  Rather, the habeas petitioner must cite in state court to the specific constitutional

guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). Similarly, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the pleading filed in that court to discover the federal claim. *Baldwin*, 541 U.S. at 27.

In summary, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)(citations omitted).

Where a habeas petitioner has failed to "fairly present" his federal claims to the state's highest available court in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default.

First, a state court may have applied a procedural bar, such as waiver or preclusion, when the prisoner attempted to raise the claim in state court. *Nunnemaker*, 501 U.S. at 802-05. Thus, a state prisoner may be barred from raising federal claims that he did

1  not preserve in state court by making a contemporaneous objection at trial, on direct appeal,

2  or when seeking post-conviction relief. *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995)

3  (stating that failure to raise contemporaneous objection to alleged violation of federal rights

4  during state trial constitutes a procedural default of that issue.); *Thomas v. Lewis*, 945 F.2d

5  1119, 1121 (9th Cir. 1991) (finding claim procedurally defaulted where the Arizona Court of

6  Appeals held that habeas petitioner had waived claims by failing to raise them on direct

7  appeal or in first petition for post-conviction relief.)  If the state court also addressed the

8  merits of the underlying federal claim, the "alternative" ruling does not vitiate the

9  independent state procedural bar. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Carringer*

10 *v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance

11 of counsel claims "barred under state law," but also discussed and rejected the claims on the

12 merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and

13 the claims were procedurally defaulted and barred from federal review).  A higher court's

14 subsequent summary denial of review affirms the lower court's application of a procedural

15 bar. *Nunnemaker*, 501 U.S. at 803.

16        In the second procedural default scenario, where a state prisoner failed to present

17 his federal claims in state court returning to state court would be "futile" because the state

18 courts' procedural rules, such as waiver or preclusion, would bar consideration of the

19 previously unraised claims. *Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*,

20 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035,

21 1048-53 (1996); Ariz. R. Crim. P. 32.2(a) & (b); Ariz. R. Crim. P. 32.1(a)(3) (relief is

22 precluded for claims waived at trial, on appeal, or in any previous collateral proceeding);

23 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty

24 days of trial court's decision).  A state post-conviction action is futile where it is time-barred.

25 *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing

26 untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition

27 for post-conviction relief, distinct from preclusion under Rule 32.2(a)).  Arizona courts have

28 consistently applied their procedural default rules.  *Stewart v. Smith*, 536 U.S. 856, 860

1   (2002)(holding that Arizona Rule of Criminal Procedure 32.2(a) is an adequate and

2   independent procedural bar); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting

3   the argument that Arizona courts have not "strictly or regularly followed" Rule 32); *Carriger*

4   *v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992)(rejecting the assertion that Arizona courts'

5   application of procedural default rules had been "unpredictable and irregular.").

6          In either case of procedural default, federal review of the claim is barred absent a

7   showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v.*

8   *Haley*, 541 U.S. 386, 393-94, (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To

9   establish "cause," a petitioner must establish that some objective factor external to the

10   defense impeded his efforts to comply with the state's procedural rules. *Id.*  The following

11   objective factors may constitute cause: (1) interference by state officials, (2) a showing that

12   the factual or legal basis for a claim was not reasonably available, or (3) constitutionally

13   ineffective assistance of counsel. *Id.*  Ordinarily, the ineffective assistance of counsel in

14   collateral proceedings does not constitute cause because "the right to counsel does not extend

15   to state collateral proceedings or federal habeas proceedings." *Martinez-Villareal v. Lewis*,

16   80 F.3d 1301, 1306 (9th Cir. 1996).  To establish prejudice, a prisoner must demonstrate that

17   the alleged constitutional violation "worked to his actual and substantial disadvantage,

18   infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456

19   U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996).  Where

20   petitioner fails to establish cause, the court need not reach the prejudice prong.

21          A federal court may also review the merits of a procedurally defaulted habeas

22   claim if the petitioner demonstrates that failure to consider the merits of his claim will result

23   in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  A

24   "fundamental miscarriage of justice" occurs when a constitutional violation has probably

25   resulted in the conviction of one who is actually innocent. *Id.*  To satisfy the "fundamental

26   miscarriage of justice" standard, petitioner must establish that it is more likely than not that

27   no reasonable juror would have found him guilty beyond a reasonable doubt in light of new

28   evidence. *Schlup*, 513 U.S. at 327; 28 U.S.C. § 2254(c)(2)(B).  Even if petitioner asserts a

1   claim of actual innocence to excuse his procedural default of a federal claim, federal habeas

2   relief may not be granted absent a finding of an independent constitutional violation

3   occurring in the state criminal proceedings.  *Dretke*, 541 U.S. at 393-94.

4               **B. Application of Law to Petitioner's Claims**

5          Respondents assert that Petitioner's second, third, and fourth grounds for relief

6   are procedurally barred.  (docket # 9) Petitioner contends that he properly presented these

7   claims to the Arizona Court of Appeals.  (docket # 6)

8          Petitioner never presented the Arizona Court of Appeals with the federal claims

9   raised in grounds 2, 3 and 4.  On direct appeal, Petitioner asserted that the trial court erred in

10  granting immunity to the victims and that they lacked "credibility." (Respondents' Exh. C at

11  2-3)  He also asserted that the evidence was insufficient to support his conviction.

12  (Respondents' Exh. C)  Although these claims are factually similar to Petitioner's second and

13  third grounds for relief, Petitioner never presented these claims on the basis of federal law to

14  the state courts.  (*Id.*)  Rather, Petitioner merely re-hashed the evidence at trial and did not

15  refer to federal law.  (*Id.*)

16         The presentation of a state law claim is not sufficient to fairly present a federal

17  claim.  Rather, the "fair presentation" component of the exhaustion doctrine requires a state

18  prisoner to present a claim to the state courts based on the same legal theory upon which he

19  relies in federal court.  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999)("The mere

20  similarity between a claim of state and federal error is insufficient to establish exhaustion.");

21  *Reese*, 541 U.S. at 28 (stating that a reference to ineffective assistance does not alert the state

22  court to the federal nature of the claim); *Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir.

23  2005)(holding that claim and argument relating only to Arizona rules followed by a

24  conclusory citation of a federal constitutional provision, "divorced from any articulated

25  federal legal theory," does not fairly present a federal claim.).  The state courts should be

26  afforded the first opportunity to consider a state prisoner's claim that his conviction and/or

27  sentence violates his federal rights.  *Williams*, 529 U.S. at 436-37.  Thus, a federal court

28

1  cannot grant habeas relief based on federal claims that were never presented to the state

2  courts. *Noltie v. Peterson*, 9 F.3d 802, 804 (9th Cir. 1993).

3          Petitioner's failure to fairly present the federal claims raised in grounds two, three

4  and four to the Arizona courts renders those claims technically exhausted, but procedurally

5  defaulted because Arizona's procedural rules prohibit Petitioner from returning to state court

6  to raise those claims.  Generally, any claim not previously presented to the Arizona courts is

7  procedurally barred from federal review because any attempt to return to state court to

8  properly exhaust a current habeas claim would be "futile."  Ariz. R. Crim. P. 32.1, 32.2(a) &

9  (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-

10  27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for

11  claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R.

12  Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's

13  decision).  A state post-conviction action is futile where it is time-barred.  *Beaty*, 303 F.3d at

14  987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under

15  Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction

16  relief, distinct from preclusion under Rule 32.2(a)).  Here, the deadline for Petitioner to seek

17  state post-conviction review has long expired.  Specifically, Rule 32.4 of the Arizona Rules

18  of Criminal Procedure provides that in non-capital cases, "the notice [of post-conviction

19  relief] must be filed within ninety days after entry of judgment and sentence or within thirty

20  days after the issuance of the order and mandate in the direct appeal, whichever is later. . . ."

21  Ariz.R.Crim.P. 32.4; *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989)(affirming the district

22  court's dismissal of a petition for writ of habeas corpus because state prisoner lacked a

23  "currently available state remedy at the time of the federal petition.")  Additionally, Arizona

24  law precludes Petitioner's claims in a subsequent petition for post-conviction relief.  Ariz. R.

25  Crim.P. 32.2(a)(1)(providing that a claim that could have been raised on direct appeal is

26  precluded from post-conviction review); Ariz.R.Crim.P. 32.2(a)(2)(providing that a claim

27  that has "been finally adjudicated on the merits on appeal or in any previous collateral

28  proceeding" is precluded from review); and Ariz.R.Crim.P. 32.2(a)(3)(precluding post-

1   conviction relief upon any ground "that has been waived at trial on appeal, or in any previous

2   collateral proceeding."); *Mata*, 185 Ariz. at 332, 916 P.2d at 1048 (defendant waived his

3   claim that defendant's counsel was ineffective where defendant did not raise that claim in

4   first or second petition for post-conviction relief.)

5         Because Petitioner did not properly present grounds two, three, and four to the

6   Arizona state courts, these claims are procedurally barred.  Accordingly, the Court need not

7   reach the merits of these claims unless Petitioner either establishes "cause and prejudice" or a

8   "fundamental miscarriage of justice."  *Bradshaw v. Richey*, ___ U.S.___, 126 S.Ct. 602, 605

9   (2005); *Moorman v. Schriro*, 426 F.3d 1044, 1058 (9th Cir. 2005)(stating that "[a] prisoner

10   who fails to comply with state procedures cannot receive federal habeas corpus review of a

11   defaulted claim unless the petitioner can demonstrate either cause for the default and

12   resulting prejudice, or that failure to review the claims would result in a fundamental

13   miscarriage of justice.")(citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

14        **C.  "Cause and Prejudice" or "Fundamental Miscarriage of Justice"**

15         As discussed below, Petitioner does not establish a basis to overcome the

16   procedural default on grounds two, three, and four.  Proof of cause "must ordinarily turn on

17   whether the prisoner can show that some objective factor external to the defense impeded

18   [the prisoner's] efforts to comply with the State's procedural rule.  Thus, cause is an external

19   impediment such as government interference or reasonable unavailability of a claim's factual

20   basis."  *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004)(citations and internal

21   quotations marks omitted).

22         Petitioner has not asserted any basis to overcome the procedural bar.  Petitioner's

23   *pro se* status and ignorance of the law do not satisfy the cause standard. *Hughes v. Idaho*

24   *State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986).  Therefore, Petitioner has failed

25   to carry his burden of proof regarding cause and prejudice.

26         Petitioner also fails to establish that failure to consider his claims would result in

27   a fundamental miscarriage of justice.  *Schlup*, 513 U.S. at 327.  To satisfy the "fundamental

28   miscarriage of justice" test, Petitioner must show that his trial "resulted in the conviction of

1    one who is actually innocent of the underlying offense."  *Dretke v. Haley*, 541 U.S. 368, 393

2    (2004)(reaffirming the "narrow exception" to the requirement that a habeas petitioner

3    demonstrate "cause" for his procedural default in state court for situations concerning a

4    "fundamental miscarriage of justice" where "a constitutional violation has 'probably

5    resulted' in the conviction of one who is 'actually innocent' of the substantive

6    offense.")(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

7           Petitioner has not asserted a claim of actual innocence.  In view of Plaintiff's

8    failure to overcome the procedural bar, his second, third, and fourth claims are barred from

9    federal habeas corpus review.

10   **III.  Analysis of Claims**

11          After discussing the standard of review, the Court will consider the merits of

12   Petitioner's claims asserted in ground one which are Respondents assert are properly before

13   the Court[3].

14                **A. Standard of Review**

15          In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

16   ("AEDPA") which "modified a federal habeas court's role in reviewing state prisoner

17   applications in order to prevent federal habeas 'retrials' and to ensure that state-court

18   convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685,

19   693 (2002).

20          Under the AEDPA, a state prisoner "whose claim was adjudicated on the merits

21   in state court is not entitled to relief in federal court unless he meets the requirements of 28

22   U.S.C. § 2254(d)."  *Price v. Vincent*, 538 U.S. 634, 638 (2003).  Thus, a state prisoner is not

23

24          [3]  In ground one, Petitioner asserts a claim of ineffective assistance of counsel.  Respondents
     assert that even though Petitioner did not present his claims of ineffective assistance to the state

25   courts on the basis of federal law, "Petitioner arguably exhausted the claim even though he did
     not style it as federal."  (docket # 9 at 7) Although Respondents assertion is contrary to the law

26   on exhaustion,  *Reese*, 541 U.S. at 28 (stating that a reference to ineffective assistance of
     counsel does not alert the court to federal nature of the claim), the Court need not resolve the

27   procedural issue because the Court may deny unexhausted claims that lack merit.  28 U.S.C. §
     2254.

28

1    entitled to relief unless he demonstrates that the state court's adjudication of his claims
2    "resulted in a decision that was contrary to, or involved an unreasonable application of,
3    clearly established Federal law, as determined by the Supreme Court of the United States" or
4    "resulted in a decision that was based on an unreasonable determination of the facts in light
5    of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1),(2); *Carey*
6    *v. Musladin*, ___ U.S. ___, 127 S.Ct. 649, 653 (2006); *Lockyer v. Andrade*, 538 U.S. 63, 75-
7    76 (2003); *Mancebo v. Adams*, 435 F.3d 977, 978 (9th Cir. 2006).  To determine whether a
8    state court ruling was "contrary to" or involved an "unreasonable application" of federal law,
9    courts must look exclusively to the holdings of the Supreme Court which existed at the time
10    of the state court's decision.  *Mitchell v. Esparza*, 540 U.S. 12, 15-15 (2003); *Yarborough v.*
11    *Gentry*, 540 U.S. 1, 5 (2003).  Accordingly, the Ninth Circuit has acknowledged that it
12    cannot reverse a state court decision merely because that decision conflicts with Ninth
13    Circuit precedent on a federal constitutional issue.  *Brewer v. Hall*, 378 F.3d 952, 957 (9th
14    Cir. 2004); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

15        Even if the state court neither explained its ruling nor cites United States Supreme
16    Court authority, the reviewing federal court must nevertheless examine Supreme Court
17    precedent to determine whether the state court reasonably applied federal law.  *Early v.*
18    *Packer*, 537 U.S. 3, 8 (2003).  The United States Supreme Court has expressly held that
19    citation to federal law is not required and that compliance with the habeas statute "does not
20    even require awareness of our cases, so long as neither the reasoning nor the result of the
21    state-court decision contradicts them." *Id.*

22        A state court's decision is "contrary to" federal law if it applies a rule of law "that
23    contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of
24    facts that are materially indistinguishable from a decision of [the Supreme Court] and
25    nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v.*
26    *Esparza*, 540 U.S 12, 14 (2003)(citations omitted); *Williams v. Taylor*, 529 U.S. 362, 411
27    (2000).

28

1    A state court decision involves an "unreasonable application of" federal law if the

2    court identifies the correct legal rule, but unreasonably applies the rule to the facts of a

3    particular case. *Williams*, 529 U.S. at 405; *Brown v. Payton*, 544 U.S. 133, 141 (2005).   An

4    incorrect application of federal law does not satisfy this standard. *Yarborough v. Alvarado*,

5    541 U.S. 652, 665-66 (2004) (stating that "[r]elief is available under § 2254(d)(1) only if the

6    state court's decision is objectively unreasonable.")  "It is not enough that a federal habeas

7    court, in its independent review of the legal question," is left with the "firm conviction" that

8    the state court ruling was "erroneous." *Id.*; *Andrade*, 538 U.S. at 75.  Rather, the petitioner

9    must establish that the state court decision is "objectively unreasonable." *Middleton v.*

10   *McNeil*, 541 U.S. 433 (2004); *Andrade*, 538 U.S. at 76.

11   Where a state court decision is deemed to be "contrary to" or an "unreasonable

12   application of" clearly established federal law, the reviewing court must next determine

13   whether it resulted in constitutional error. *Benn v. Lambert*, 283 F.3d 1040, 1052 n. 6 (9th

14   Cir. 2002).  Habeas relief is warranted only if the constitutional error at issue had a

15   "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v.*

16   *Abrahamson*, 507 U.S. 619, 631 (1993).  In § 2254 proceedings, the federal court must assess

17   the prejudicial impact of a constitutional error in a state-court criminal proceeding under

18   *Brecht's* more forgiving "substantial and injurious effect" standard, whether or not the state

19   appellate court recognized the error and reviewed it for harmlessness under the "harmless

20   beyond a reasonable doubt" standard set forth in *Chapman v. California*, 386 U.S. 18, 24

21   (1967).  *Fry v. Pliler*, ___ U.S.___, 127 S.Ct. 2321, 2328 (2007).  The *Brecht* harmless error

22   analysis also applies to habeas review of a sentencing error.  The test is whether such error

23   had a "substantial and injurious effect" on the sentence. *Calderon v. Coleman*, 525 U.S. 141,

24   145-57 (1998) (holding that for habeas relief to be granted based on constitutional error in

25   capital penalty phase, error must have had substantial and injurious effect on the jury's

26   verdict in the penalty phase.); *Hernandez v. LaMarque*, 2006 WL 2411441 (N.D.Cal., Aug.

27   18, 2006) (finding that even if the evidence of three of petitioner's prior convictions was

28   insufficient, petitioner was not prejudiced by the court's consideration of those convictions

1    because the trial court found four other prior convictions which would have supported

2    petitioner's sentence.)  The Court will review Petitioner's claims under the applicable

3    standard of review.

### B.  Ground One - Ineffective Assistance of Counsel

5        Liberally construing the Petition, Petitioner asserts that trial counsel was

6    ineffective for failing to confer with him in person before trial and failing to inform

7    Petitioner of counsel's theory of the defense.  He also asserts that counsel failed to ask the

8    victims questions which Petitioner requested.  (docket # 6)

### 1.  Legal Standard

10       The clearly established federal law governing claims of ineffective assistance of

11   counsel is the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984).

12   Under *Strickland*, to demonstrate ineffective assistance of counsel, a petitioner must establish

13   that counsel's performance was objectively deficient and that counsel's deficient

14   performance prejudiced the petitioner.  *Strickland*, 466 U.S. 668.  To be deficient, counsel's

15   performance must be "outside the wide range of professionally competent assistance."

16   *Strickland*, 466 U.S. at 690.  Counsel has no duty to raise legally frivolous claims.  *Jones v.*

17   *Barnes*, 463 U.S. 745, 751 (1983).  In assessing performance, courts afford a strong

18   presumption that counsel rendered adequate assistance and exercised reasonable professional

19   judgment in making decisions.  *Strickland*, 466 U.S. at 690.  "A fair assessment of attorney

20   performance requires that every effort be made to eliminate the distorting effects of

21   hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate

22   the conduct from counsel's perspective at the time."  *Bonin v. Calderon*, 59 F.3d 815, 833 (9th

23   Cir. 1995).  The test has nothing to do with what the best lawyers would have done.  Nor is

24   the test even what most good lawyers would have done.  "We ask only whether some

25   reasonable lawyer at trial could have acted, in the circumstances, as defense counsel acted at

26   trial."  *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998 ), *rev'd on other grounds*,

27   525 U.S. 141 (1998).

28       To show prejudice, petitioner must demonstrate a "reasonable probability that, but

1   for counsel's unprofessional errors, the result of the proceeding would have been different.

2   A reasonable probability is a probability sufficient to undermine confidence in the outcome."

3   *Strickland*, 466 U.S. at 694; *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).  The court

4   may proceed directly to the prejudice prong.  *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3

5   (9th Cir. 2000)(citing *Strickland*, 466 U.S. at 697).  The court, however, may not assume

6   prejudice solely from counsel's allegedly deficient performance.  *Jackson*, 211 F.3d at 1155;

7   *United States v. Gonzalez-Lopez*, ___U.S.___, 126 S.Ct. 2557, 2563 (2006)(stating that "a

8   violation of the Sixth Amendment right to effective representation is not 'complete' until the

9   defendant is prejudiced.")

10          The *Strickland* test also applies to the a defendant who has been "represented by

11   counsel during the plea process and enters his plea upon the advice of counsel . . . ."  *Hill v.*

12   *Lockhart*, 474 U.S. 52, 56-58 ( 1985).  In the plea context, the prejudice prong hinges on

13   "whether counsel's constitutionally ineffective performance affected the outcome of the plea

14   process."  *Hill*, 474 U.S. at 58-59.   In other words, petitioner must show that "there is a

15   reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

16   would have insisted on going to trial."  *Id.* at 59 (footnote omitted).

17          **2.  Application of Law to Petitioner's Claims**

18          On post-conviction review, Petitioner claimed that trial counsel was ineffective

19   for failing to confer with Petitioner and for failing to interview the victims. (Respondents'

20   Exh. D)  Petitioner challenged counsel's performance, but did not assert that counsel's

21   allegedly deficient performance prejudiced him in any way.  He did not explain how

22   consulting with counsel in person or how asking different questions to the witnesses would

23   have changed the outcome of his trial.  (Respondents' Exh. D)  The court rejected

24   Petitioner's claims finding that Petitioner failed to establish that counsel was ineffective.

25   (Respondents' Exh. E)  As discussed below, Petitioner fails to establish that the state court's

26   decision is contrary to or rests on an unreasonable application of *Strickland*.

27          Even assuming that trial counsel's performance was deficient based on her failure

28   to confer with Petitioner in person and failure to ask different questions of the witnesses,

1    Petitioner's claim fails because he has not established that there is a "reasonable probability

2    that, but for counsel's unprofessional errors, the result of the proceeding would have been

3    different. A reasonable probability is a probability sufficient to undermine confidence in the

4    outcome." *Strickland*, 466 U.S. at 694; *Ortiz v.* 149 F.3d at 934. Petitioner does not even

5    attempt to explain how further consultation with counsel would have changed the outcome of

6    his trial. He does not identify any topics that he would have discussed with counsel.

7    Similarly, although Petitioner claims that counsel failed to ask certain questions of the

8    victims, he neither identifies those questions nor explains how asking different or additional

9    questions would have changed the outcome of his trial.

10           The Court finds that Petitioner has not shown that the state court's resolution of

11   his claim of ineffective assistance of counsel is "contrary to" or based on "an unreasonable

12   application of" federal law. Accordingly, this claim fails.

13                               **IV. Conclusion**

14           Based on the foregoing, Petitioner's claims are either procedurally barred or fail

15   on the merits.

16           Accordingly,

17           IT IS HEREBY RECOMMENDED that Petitioner's Amended Petition for Writ

18   of Habeas Corpus (docket # 6) be **DENIED**.

19           This recommendation is not an order that is immediately appealable to the Ninth

20   Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

21   Appellate Procedure, should not be filed until entry of the District Court's judgment. The

22   parties shall have ten days from the date of service of a copy of this recommendation within

23   which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules

24   72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within

25   which to file a response to the objections. Failure to file timely objections to the Magistrate

26   Judge's Report and Recommendation may result in the acceptance of the Report and

27   Recommendation by the District Court without further review. *See United States v. Reyna-*

28   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

1         Failure to file timely objections to any factual determinations of the Magistrate

2   Judge will be considered a waiver of a party's right to appellate review of the findings of fact

3   in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*,

4   Rule 72, Federal Rules of Civil Procedure.

5         DATED this 5th day of October, 2007.

6

7

8

9                          Lawrence O. Anderson
                    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28